

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,035-01

### EX PARTE STEVEN MCQUEEN WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W08-41179-X IN THE CRIMINAL DISTRICT COURT NO. 6
### FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder, and was sentenced to thirty years' imprisonment.

Applicant contends, among other things, that his plea was not knowingly and voluntarily entered, and that his trial counsel rendered ineffective assistance because he advised Applicant incorrectly and failed to enforce the conditions of the plea agreement. Applicant was originally charged with capital murder, but the State agreed to let him plead to the lesser offense of murder in exchange for his testimony against two co-defendants. Applicant turned down a twenty-year plea

offer, and decided to enter an open plea to the trial court. This decision was based in part on trial counsel's representations that he knew the trial judge, John Nelms, who was a visiting judge at the time Applicant entered his plea. Counsel advised Applicant that he would likely receive a sentence on the low end of the punishment range. Counsel concedes that he told Applicant's mother that Applicant would receive no more than fifteen years' imprisonment if he entered an open plea to Judge Nelms and testified against his co-defendants. Applicant did testify against both of his co-defendants, and apparently helped to secure convictions in both of the co-defendants' cases.

After Applicant had entered his plea to Judge Nelms and testified in his co-defendants' trials, the sitting judge of the trial court, Jeanine Howard, returned from an absence and took over from Judge Nelms. Judge Howard granted new trials in both of Applicant's co-defendants' cases, in part because she believed that Applicant had given perjured testimony and in part because of *Brady* violations by the State. Judge Howard also conducted Applicants' sentencing, over the objections of defense counsel, and sentenced Applicant to thirty years' imprisonment. Applicant had waived his right to appeal as part of the agreement with the State.

The trial court has determined that trial counsel's performance was not deficient and finds that there was no expectation at the time that Applicant entered his guilty plea and waived his right to appeal that he would be sentenced by Judge Nelms, or that he would receive a sentence of less than twenty years' imprisonment. However, this Court believes that Applicant relied on the erroneous representations of his trial attorney in agreeing to plead guilty and testify against his co-defendants. Relief is granted. The judgment in Cause No. W08-41179-X in the Criminal District Court No. 6 District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment. The trial court

shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 5, 2014
Do not publish